UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIEL MALDONADO, on behalf of himself and all others similarly situated,<br><br>     Plaintiff(s),<br><br>     -against-<br><br>ASSET RECOVERY SOLUTIONS, LIMITED LIABILITY COMPANY; FIRST PORTFOLIO VENTURES II, LLC,<br><br>     Defendant(s). | Civil Case Number: _____<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

DANIEL MALDONADO
712 1st Street
Northfield, New Jersey 08225

ASSET RECOVERY SOLUTIONS, LIMITED LIABILITY COMPANY
2200 E. Devon Avenue, Suite 200
Des Plaines, Illinois 60018

FIRST PORTFOLIO VENTURES II, LLC
3091 Governors Lake Drive, Suite 500
Peachtree Corners, Georgia 30071

## PRELIMINARY STATEMENT

2. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that Defendants, ASSET RECOVERY SOLUTIONS, LIMITED LIABILITY COMPANY ("ASSET RECOVERY SOLUTIONS"); FIRST PORTFOLIO VENTURES II, LLC ("FPV II")  and JOHN DOES 1-25 their employees, agents and successors

(collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Atlantic County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. ASSET RECOVERY SOLUTIONS maintains a location at 2200 E. Devon Avenue, Suite 200, Des Plaines, Illinois 60018.

8. FPV II maintains a location at 3091 Governors Lake Drive, Suite 500, Peachtree Corners, Georgia 30071.

9. ASSET RECOVERY SOLUTIONS uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

10. FPV II uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt.

11. ASSET RECOVERY SOLUTIONS is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6), and it uses litigation and non-litigation methods in its attempts to collect debts.

12. FPV II is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

13. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

14. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who Defendants collected or attempted to collect a debt from, in violation of the FDCPA, as described in this Complaint.

15. This Action is properly maintained as a class action. The Class is initially defined as:

> All New Jersey consumers who ASSET RECOVERY SOLUTIONS collected or attempted to collect a debt from, which was owned by FPV II.
> <u>The Class period begins one year to the filing of this Action</u>.

<u>The Class definition may be subsequently modified or refined</u>.

16. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity</u>: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons in New Jersey who Defendant(s) collected or attempted to collect a debt from, which violates specific provisions of the FDCPA.

   b. <u>Commonality</u>: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

      i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

      ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

      iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      iv. Whether Plaintiff and the Class are entitled to declaratory relief.

   c. <u>Typicality</u>: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

    d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

17. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

18. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

19. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

20. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

21. At some time prior to July 5, 2024, Plaintiff allegedly incurred a financial obligation to OPORTUN, INC./WEBBANK ("OPORTUN").

22. OPORTUN possessed licenses issued by the New Jersey Department of Banking and Insurance at the time Plaintiff allegedly incurred the OPORTUN obligation.

23. The OPORTUN obligation was originated utilizing one or more of those licenses.

24. The OPORTUN obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

25. Plaintiff incurred the OPORTUN obligation by obtaining goods and services which were primarily for personal, family and household purposes.

26. The OPORTUN obligation did not arise out of a transaction that was for non-personal use.

27. The OPORTUN obligation did not arise out of a transaction that was for business use.

28. Plaintiff incurred the OPORTUN obligation in connection with a personal account.

29. The OPORTUN obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

30. OPORTUN is a "creditor" as defined by 15 U.S.C. § 1692a(4).

31. At some time prior to July 5, 2024, the OPORTUN obligation was allegedly purchased by and/or sold to FPV II.

32. At the time the OPORTUN obligation was purchased by and/or sold to FPV II, the obligation was in default.

33. The principal purpose of FPV II is the collection of debts which are in default at the time it purchases the debts.

34. FPV II did not obtain a license from the New Jersey Department of Banking and Insurance prior to making attempts to collect the OPORTUN obligation as required by law. See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v.*

*Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer*, 2018 U.S. Dist. LEXIS 85926 (D.N.J. May 22, 2018); and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688 (May 24, 2018).

35. On or before July 5, 2024, FPV II, directly or through an agent, referred the OPORTUN obligation to ASSET RECOVERY SOLUTIONS for the purpose of collections.

36. At the time the OPORTUN obligation was referred to ASSET RECOVERY SOLUTIONS the OPORTUN obligation was in default.

37. In an attempt to collect on the OPORTUN obligation, Defendants caused to be delivered to Plaintiff, a letter dated July 5, 2024. **See Exhibit A,** which is fully incorporated herein by reference.

38. FPV II did not obtain a license from the New Jersey Department of Banking and Insurance prior to causing ASSET RECOVERY SOLUTIONS to send the July 5, 2024 letter to Plaintiff. See *Veras v. LVNV Funding, LLC*, 2014 U.S. Dist. LEXIS 34176 (D.N.J. Mar. 17, 2014); *Lopez v. Law Offices of Faloni & Associates,* 2016 U.S. Dist. LEXIS 124730 (D.N.J. Sept. 14, 2016); *Latteri v. Mayer,* 2018 U.S. Dist. LEXIS 85926; and *New Century Fin. v. Trewin*, 2018 N.J. Super. Unpub. LEXIS 1688.

39. The July 5, 2024 letter was sent to Plaintiff in connection with the collection of the OPORTUN obligation.

40. The July 5, 2024 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

41. Upon receipt, Plaintiff read and relied on the statements and representations in the July 5, 2024 letter.

42. The outstanding balance claimed to be due by Defendants on the OPORTUN obligation as of July 5, 2024 included an amount for interest, fees and/or other charges.

43. FPV II is a consumer lender as defined at N.J.S.A. 17:11C-2 et seq.

44. FPV II is in the business of buying, discounting or endorsing notes, or of furnishing, or procuring guarantee or security for compensation in amount of $50,000 or less.

45. FPV II purchased the OPORTUN obligation from another entity prior to July 5, 2024.

46. FPV II is a sales finance company as defined at N.J.S.A. 17:11C-2 and N.J.S.A. 17:16C-1 et seq.

47. The OPORTUN obligation is an open end loan as defined at N.J.S.A. 17:11C-2 and/or retail charge account as defined at N.J.S.A. 17:16C-1 et seq.

48. Alternatively, the OPORTUN obligation is a consumer loan as defined at N.J.S.A. 17:11C-2.

49. FPV II engages in the consumer loan business as defined at N.J.S.A. 17:11C-2.

50. FPV II engages in the business of purchasing defaulted consumer notes, defaulted consumer loans and/or defaulted retail charge accounts.

51. At all times relevant to this matter, FPV II did not possess a license under authority of the New Jersey Consumer Finance Licensing Act.

52. At all times relevant to this matter, FPV II did not possess a license issued by the New Jersey Department of Banking and Insurance.

53. At all times relevant to this matter, FPV II did not possess a license under authority of the New Jersey Consumer Finance Licensing Act authorizing it to make consumer loans, or to buy, discount or endorse notes (loans), or to receive interest.

54. As such, at no time was ASSET RECOVERY SOLUTIONS authorized to collect the OPORTUN obligation.

55. As such, at no time was FPV II authorized to collect the OPORTUN obligation.

56. As FPV II did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act during the time relevant to this matter, it was prohibited from attempting to collect on the OPORTUN obligation.

57. As FPV II did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all times relevant to this matter, it was prohibited from attempting to collect on the OPORTUN obligation.

58. As FPV II did not obtain the appropriate license under the New Jersey Consumer Finance Licensing Act at all times prior to July 5, 2024, ASSET RECOVERY SOLUTIONS was prohibited from attempting to collect on the OPORTUN obligation.

59. As FPV II did not obtain the appropriate license issued by the New Jersey Department of Banking and Insurance at all times prior to July 5, 2024, ASSET RECOVERY SOLUTIONS was prohibited from attempting to collect on the OPORTUN obligation.

60. As described herein, Defendants engaged in fraudulent misrepresentation in connection with their attempts to collect the OPORTUN obligation.

61. In essence, the Defendants attempted to make Plaintiff believe that the attempts to collect the OPORTUN obligation were valid in order to trick Plaintiff into paying it.

62. Defendant's July 24, 2024 letter frustrated Plaintiff's ability to intelligently choose a response.

63. The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

64. As described herein, Defendant engaged in abusive debt collection practices against the Plaintiff which deprived Plaintiff of the right to enjoy the benefits provided by the FDCPA.

65. ASSET RECOVERY SOLUTIONS knew or should have known that its actions violated the FDCPA.

66. FPV II knew or should have known that its actions violated the FDCPA.

67. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review their actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

68. It is Defendants' policy and practice to collect or attempt to collect debts, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

    (b) Making a false representation of the character or amount of the debt;

    (c) Threatening to take any action that cannot legally be taken; and

    (d) Using unfair or unconscionable means to collect or attempt to collect any debt.

69. Defendants have made collection attempts against at least 50 natural persons in the state of New Jersey within one year of this Complaint on behalf of FPV II.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

70. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

71. Collection communications, such as those of Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

72. Defendants' communications would cause the least sophisticated consumer to be confused about his or her rights.

73. Defendants' communications would mislead the least sophisticated consumer to believe that Defendants could legally attempt to collect the debt.

74. Defendants' communications would cause the least sophisticated consumer to believe that Defendants had the legal ability to attempt to collect the debt and that FPV II had acquired the appropriate licenses or had otherwise complied with New Jersey regulations.

75. A violation of New Jersey laws, despite no private cause of action, can form the basis of a violation of the FDCPA. See *Chulsky v. Hudson Law Offices, P.C.,* 777 F.Supp.2d 823 (D.N.J. 2011).

76. Defendants' attempt to collect the alleged debt without first obtaining the license(s) and/or registrations necessary under New Jersey law violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); and § 1692f *et seq*.

77. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

78. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

79. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely implying that they had the right or legal authority to collect debts from Plaintiff and others similarly situated.

80. Defendants' false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

81. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

82. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

83. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from charging or collecting any interest under the New Jersey Consumer Finance Licensing Act.

84. Defendants violated 15 U.S.C. § 1692e(2)(A) as Defendants were prohibited from collecting on the OPORTUN obligation because they failed to comply with the New Jersey Consumer Finance Licensing Act.

85. As described herein, Defendants violated 15 U.S.C. § 1692e(2)(A).

86. 15 U.S.C. § 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken or that is not intended to be taken.

87. Defendants violated 15 U.S.C. § 1692e(5) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

88. As described herein, Defendants violated 15 U.S.C. § 1692e(5).

89. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

90. Defendants violated 15 U.S.C. § 1692e(10) by attempting to collect the alleged debt without first obtaining the license(s) necessary under New Jersey law.

91. As described herein, Defendants violated 15 U.S.C. § 1692e(10).

92. 15 U.S.C. § 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

93. Defendants violated 15 U.S.C. § 1692f *et seq.* of the FDCPA by attempting to collect interest, which it is not authorized or permitted by law to charge or collect.

94. Defendants should be disgorged of all money collected from members of the class during the relevant period as ill-gotten gains.

95. Defendant FPV II is vicariously liable for any violations of the FDCPA that ASSET RECOVERY SOLUTIONS committed as described herein. See *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P.,* 225 F.3d 379 (3d Cir. 2000).

96. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

97. Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

98. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

99. Plaintiff and others similarly situated were sent communications, which could have affected their decision-making with regard to the debt.

100. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

101. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

  (a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

  (b) Awarding Plaintiff and the Class statutory damages;

  (c) Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

  (d) Awarding pre-judgment interest;

  (e) Awarding post-judgment interest.

  (f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

  (g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject matter of any other court, arbitration or administrative proceeding, other than one pending in the Superior Court of New Jersey, Monmouth County, Law Division, Special Civil Part, Docket No.: DC-007244-23.

Dated: August 14, 2024

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (002182006)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com
*Attorneys for Plaintiff*

# EXHIBIT

# A



Statement Date: 07/05/24
ID Number:
Original Creditor: OPORTUN INC. (ORIGINATED BY WEBBANK)
Current Creditor: FIRST PORTFOLIO VENTURES II LLC
Account Number: XXXXXXXXXXXXX0832
Balance: $1,263.83

**AssetRecovery**
SOLUTIONS, LLC
888-544-6374

Daniel Maldonado

We would like to settle your debt for approximately **60%** of your Balance listed above.
**Settlement amount $758.30**

To accept this offer, simply make sure that we receive the entire Settlement Amount on or before August 3 2024. If we receive the Settlement Amount on or before August 3 2024, and if your funds clear, we will consider your account to be settled in full and will stop all further collection efforts. **This offer expires on August 3 2024.**

We are not obligated to renew this offer. Failure to comply with the above mentioned terms will nullify the settlement arrangement.

We encourage you to call prior to making a payment intended to pay your account in full. Please contact us at 888-544-6374.

This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication is from a debt collector.

Sincerely,
Asset Recovery Solutions
888-544-6374, Ext. 572

**Asset Recovery Solutions, LLC Contacts**

**Hours of Operation:**
Monday thru Thursday - 8am - 8pm Central
Friday - 8am - 4:30pm Central
Saturday - 8am - 12:00pm Central

2200 E. Devon Ave Ste 200
Des Plaines, IL 60018-4501

Daniel Maldonado

---Detach and Return with Payment---

IF PAYING BY CREDIT CARD, FILL OUT BELOW:

YOU CAN MAKE YOUR PAYMENT ONLINE AT:
http://payments.arsllc.com/

VISA   MasterCard

CARD NUMBER
SIGNATURE
ID NUMBER                    EXP DATE
ACCOUNT NUMBER              $
XXXXXXXXXXXXX0832           AMOUNT PAID
                            CURRENT CREDITOR
                            FIRST PORTFOLIO VENTURES II LLC

Please send payments and correspondence to:

Asset Recovery Solutions, LLC
2200 E. Devon Ave Ste 200
Des Plaines, IL 60018-4501
888-544-6374, Ext. 572